**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RIXION ENRIQUE MARTINEZ-TOBIAS, | Case No.:  26-cv-2315-BJC-VET |
| Petitioner, | **ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241** |
| v. | |
| JEREMY CASEY, et al, | |
| Respondents. | |

On April 10, 2026, Petitioner Rixion Enrique Martinez-Tobias, proceeding *pro se,* filed a petition for writ of habeas corpus pursuant to 28 U.S.C. section 2241, along with a Motion to Appoint Counsel and a Motion for Leave to Proceed *In Forma Pauperis.* ECF Nos. 1, 2, 3.  On April 16, 2026, the Court granted Petitioner's request to proceed i*n forma pauperis*, appointed the office of Federal Defenders as counsel for Petitioner, and issued a scheduling order. ECF Nos. 4, 5. On April 22, 2026, counsel filed a supplemental Petition on behalf of Petitioner.  ECF No. 8.  On May 1, 2026, Respondents filed a Return. ECF No. 9.

Petitioner is a native and citizen of Venezuela who entered the United States on October 28, 2024, through an appointment with the CBP-One App. ECF No. 8 at 3.

1

Petitioner was released from immigration custody on parole under 8 U.S.C. § 1182(d)(5). ECF No. 9 at 2. He worked as an UBER driver and in landscaping maintenance while living in the U.S. *Id.* Petitioner filed an application for asylum and had a hearing set before an immigration judge on February 28, 2026. *Id.* On February 2, 2026, Petitioner was driving in Coachella, California, when he was stopped by agents who arrested him. *Id.* He was not given an opportunity to contest his detention, and he was sent to Imperial Detention Center where he remains today. *Id.* On April 20, 2026, an immigration judge denied his asylum application and the proceedings remain pending. *Id.*

Petitioner requests that the Court order his immediate release from custody under the same conditions of parole. *Id.* at 13.

## I.    LEGAL STANDARD

Courts may grant habeas corpus relief to those "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241; *see also Hamdi v. Rumsfeld,* 542 U.S. 507, 525, 124 S. Ct. 2633, 2644, 159 L. Ed. 2d 578 (2004) ("[T]he writ of habeas corpus remains available to every individual detained within the United States."). Courts are authorized to grant writs pursuant to § 2241 to noncitizens in custody in violation of the Constitution or laws or treaties of the United States. *Magana-Pizano v. I.N.S.*, 200 F.3d 603, 609 (9th Cir. 1999).

## II.    DISCUSSION

Petitioner contends his detention violates the Immigration and Nationality Act ("INA") and Due Process Clause of the Fifth Amendment. ECF No. 8 at 4-5. Respondents do not address Petitioner's due process arguments. Instead, Respondents assert that Petitioner is detained under 8 U.S.C. § 1225(b)(2) but "acknowledges that this Court, and Courts in this District, have repeatedly reached the opposite conclusion under the same and/or similar facts." ECF No. 9 at 2. For this reason, Respondents state that "the government does not oppose the petition." *Id.* at 3.

Petitioner was entitled to due process, including written notice, the reasons for the termination, and an opportunity to contest the determination, prior to termination of his

26-cv-2315-BJC-VET

parole.  *Noori v. LaRose*, No. 25-CV-1824-GPC-MSB, 2025 WL 2800149, at \*11 (S.D. Cal. Oct. 1, 2025).  Petitioner contends, and Respondents do not dispute, that Petitioner was provided no individualized determination, and no opportunity to be heard before he was detained.  The Court finds Petitioner's revocation of his release and detention violates his due process rights.

### III.    CONCLUSION AND ORDER

Accordingly, the Court **GRANTS** the petition for a writ of habeas corpus. Respondents shall immediately release Petitioner under the previously determined conditions.  The Clerk of Court shall close this matter.

**IT IS SO ORDERED**.

Dated:  May 5, 2026

Honorable Benjamin J. Cheeks
United States District Judge